UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID J. WILSON,<br><br>   Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.,<br><br>   Defendants. | Civil Action No.<br>25-11153-BEM |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO REMAND

**MURPHY, J.**

Plaintiff's motion to remand, Dkt. 18, is ALLOWED in part. This case is hereby REMANDED to the Small Claims Division of Wrentham District Court, Massachusetts.

**I.** **Background**

On or around January 23, 2025, Plaintiff David J. Wilson filed this action in the Small Claims Division of Wrentham District Court, Massachusetts. Dkt. 1-1 at 6. In his original complaint, Wilson made the following full statement of his claim:

> Plaintiff files this Complaint against Defendants & its related entities, officers, and agents for violations of state and federal laws. Plaintiff seeks Monetary damages of $100,000, including: $7,000 for base claims & $93,000 in statutory damages, administrative fees. Plaintiff alleges on or around 02/19/24 Defendants Willfully failed to conduct reasonable investigations into disputed credit report inaccuracies, violating federal and state consumer protection laws, Mishandled Plaintiff's personal and identifying data for financial gain, in breach of good faith and fair dealing principles under the UCC, Engaged in deceptive, coercive, and discriminatory business practices that denied Plaintiff fair and equal treatment. Defendants' actions resulted in substantial financial, reputational, and emotional harm to Plaintiff. Their negligent, willful, and discriminatory conduct demands judicial intervention to rectify the violations, enforce statutory protections, and compensate Plaintiff for the damages incurred. Defendants do not adhere to any laws and have, ignored the Massachusetts State Attorney General and CFPB.

*Id.*

On April 28, 2025, Defendant Experian Information Solutions, Inc. ("Experian") removed to federal court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 at 1–2. Experian argues that Wilson's claims are brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, providing for federal jurisdiction. *Id.* at 2.

On May 21, 2025, Wilson moved to remand. Dkt. 18. Wilson argues that his claims are not brought under the FCRA but rather "under [Mass. Gen. Laws ch. 93A ("93A")] and related Massachusetts statutes, presenting no federal question." *Id.* at 3.[1]

## II.  Legal Standard

"Federal courts are courts of limited jurisdiction. In the absence of jurisdiction, a court is powerless to act." *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 138 (1st Cir. 2004). In a removal action, the removing party bears the burden of showing that jurisdiction is proper. *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 9 (1st Cir. 2014).

For jurisdictional purposes, whether a claim arises under federal law is determined by looking at the "four corners" of the complaint. *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10 (1st Cir. 2004). "[I]t is well-settled that 'the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* at 11 (alteration in *Rossello-Gonzalez*) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[A]ny ambiguity as to the source of law relied upon by [the plaintiff] ought to be resolved against removal." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

---

[1] Wilson also argues that removal was procedurally deficient. Dkt. 18 at 2–3. Because the Court remands on other grounds, it need not reach that issue.

**III.     Discussion**

This case presents an interesting puzzle but admits of only one conclusion. Wilson's complaint alleges "violations of state and federal laws" and references the CFPB (presumably, the federal Consumer Financial Protection Bureau). Dkt. 1-1 at 6. In the first instance, these seem like strong indicators of some claim under federal law. *Cf. Rossello-Gonzalez*, 398 F.3d at 11. However, Wilson demurs that these were intended only as elements of a claim under 93A "and related Massachusetts statutes." Dkt. 18 at 3. Indeed, violations of federal statutes can constitute the basis for a claim under 93A.[2] In essence, notwithstanding the complaint's initial appearance, Wilson surfaces a colorable latent ambiguity that makes a finding of no jurisdiction, and therefore remand, appropriate. *See Rossello-Gonzalez*, 398 F.3d at 11.[3]

Experian calls this a "bad-faith argument" and likely sees it as a bait-and-switch move by Wilson following removal. Dkt. 19 at 3–4. But even if Wilson did originally intend to state a claim under the FCRA, his present renunciation of that claim—and of all claims arising under federal law—defeats this Court's jurisdiction:

> When a plaintiff amends [his] complaint following [his] suit's removal, a federal court's jurisdiction depends on what the new complaint says. If . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of

---

[2] *See, e.g.*, 940 Mass. Code Regs. 3.16(4) (making certain violations of federal consumer protection statutes per se violations of 93A). Experian argues that any state-law claim Wilson might make is preempted by the FCRA. Dkt. 19 at 2 (citing *Leet v. Cellco P'ship*, 480 F. Supp. 2d 422, 431 (D. Mass. 2007)). Maybe so. *But see Hopkinson v. Equifax Info. Servs., LLC*, 2021 WL 664040, at *4 (D. Mass. Feb. 19, 2021), *adhered to on reconsideration*, 2021 WL 1536171 (D. Mass. Apr. 19, 2021). Either way, this Court lacks jurisdiction to hear that argument. *See Kasparian v. Transunion*, 2016 WL 4967688, at *1 (D. Mass. Sept. 16, 2016) (holding FCRA preemption defense cannot support removal) ("[T]he complete preemption doctrine does not apply to the FCRA and therefore removal is not permitted.").

[3] The Court is further guided by the maxim that, "[t]o safeguard the rights of pro se litigants, courts should 'construe liberally a pro se complaint.'" *Falk v. Wells Fargo Bank, N.A.*, 600 F. Supp. 3d 115, 118 (D. Mass. 2022) (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)). Wilson rightly points out that, as plaintiff, it is his right to determine the nature of his complaint. Dkt. 18 at 3; *see also Rossello-Gonzalez*, 398 F.3d at 10. Accordingly, the Court reads the complaint liberally in favor of preserving that right.

federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) (abrogating *Ching v. Mitre Corp.*, 921 F.2d 11 (1st Cir. 1990)). Accordingly, whether the Court construes the complaint ab origine in Wilson's favor (excluding federal claims) or instead treats Wilson's motion for remand as an effective amendment or clarification, the result is the same.[4]

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to remand, Dkt. 18, is ALLOWED in part. This action is hereby remanded to the Small Claims Division of Wrentham District Court, Massachusetts.[5]

**So Ordered.**

Dated: June 5, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

---

[4] Since the Court relies upon and adopts Wilson's characterization of the complaint, he will presumably be estopped from arguing otherwise down the line. *See Brown v. Quinn*, 406 Mass. 641, 646 (1990). Thus, Wilson's motion, and this Court's allowance of it, effectively limits the scope of the current complaint.

[5] Wilson asks the Court to send the case directly to Norfolk Superior Court, arguing that his alleged damages exceed the jurisdictional limit of the Small Claims Division, where Wilson originally filed. Dkt. 18 at 1–3. The Court believes that this would be improper. The remand statute contemplates that a district court's remand order will be issued "to the State court *from which [the case] was removed*." 28 U.S.C. § 1447(d) (emphasis added). The statute's broader use of the definite article further supports the conclusion that the district court lacks discretion in this regard. *See, e.g.*, *id.* § 1447(c) (referring to "*the* State court" to which a district court may remand and that thereupon proceeds with the case (emphasis added)).